UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 1:23-CR-10186-ADB |
| DESHAWN CIRINO, | ) |
| | ) |
| Defendant | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government respectfully submits this memorandum in support of its sentencing recommendation for Defendant Deshawn Cirino. Defendant was a member of the Heath Street Gang, one of the most violent street gangs in Boston. The Heath Street Gang originated in what is now the Mildred C. Hailey Apartments (the "Development"), a housing development in Jamaica Plain. The gang's criminal activities have had a particularly negative impact on the members of the public living there through the gang's violence (including violent/threatening conduct on site at the Development as well as retaliatory attacks/shootings from rival street gangs targeting the Development), drug dealing (both within the Development and in the nearby area), and the active recruitment of children from the housing development into the gang. The Heath Street Gang's activities have also severely impacted other areas of Boston as well as surrounding communities. As a prime example, the Heath Street Gang has been involved in a longstanding conflict with the Mission Hill Gang, which has resulted in Heath Street Gang members/associates' commission of numerous murders/shootings in the Mission Hill area, including an attempted murder facilitated by Defendant.

Specifically, on May 11, 2022, Defendant and other Heath Street Gang members/associates congregated in the halls of the Development, and Defendant provided his moped/scooter to three younger members/associates (two of whom were juveniles at the time),

who used it to travel to rival Mission Hill Gang territory and shoot an apparent innocent bystander in the leg. Defendant additionally consistently engaged in drug trafficking within the Development.[1] His gang-related criminal activity endangered and degraded the living conditions of numerous communities.

Defendant pled guilty to conspiracy to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d), on February 27, 2025. Dkt. 295. Since then, Defendant has successfully completed the RISE program. For the reasons set forth herein, the government recommends a sentence of 84 months followed by 36 months of supervised release. This recommendation represents a substantial variance from the low end of the applicable Sentencing Guidelines range as set forth in the PSR (155-188 months), which is set by a May 11, 2022 attempted murder detailed herein. No further reduction is appropriate. Defendant's dangerous, brazen conduct mandate the recommended sentence, which is necessary to protect the public and deter Defendant and others from similar conduct in the future, and is sufficient but not greater than necessary to achieve the goals of sentencing.

## I.    DEFENDANT'S CRIMINAL CONDUCT

One of the most insidious aspects of the Heath Street Gang is its recruitment of juveniles, often from families living in the Development, to join the gang and actively participate in its chain of retaliatory violence, including murders and shootings, arising out of its longstanding conflict with rival gangs including the Mission Hill Gang. *See, e.g.*, PSR ¶¶ 14, 17-22, 39-52. The May 11, 2022 attempted murder facilitated by Defendant precisely illustrates such conduct.

---

[1] Defendant does not even reside in this community that he endangered and degraded, and in fact was, at least by 2023, prohibited from trespassing in the Development by the Boston Housing Authority. *See* PSR ¶ 36.

On May 11, 2022, Defendant drove his scooter to the Development met with numerous Heath Street Gang members, including co-defendants Keyon Roberson and Jaquori Lyons and various juveniles/recruits, in the halls of 267 Centre Street in the Development.[2] *Id.* ¶¶ 39-40; Ex. 1 (May 11, 2022 Video Footage Still Shots). Approximately two minutes after he arrived, Defendant handed what appear to be his scooter keys to Heath Street Gang member/recruit G.T., who was eighteen years old at the time. PSR ¶¶ 40-41; Ex. 1. Some individuals, including the younger recruits, then exited the building, with Lyons patting fifteen-year-old A.P. on the back as he left.[3] Approximately one minute later, Defendant set up and sent off G.T. and two juvenile recruits – seventeen-year-old Z.H.[4] and fifteen-year-old R.P. – on his scooter outside of 267 Centre Street. PSR ¶¶ 42-44; Ex. 1. The three recruits then immediately drove Defendant's scooter into rival gang territory (the Mission Hill Development) and fired multiple shots, ultimately shooting an individual in his leg. PSR ¶¶ 45-47; Ex. 1. At this same time, Defendant walked towards the rear of 267 Centre Street. PSR ¶ 48; Ex. 1. The three recruits then fled back to the Development on Defendant's scooter; G.T. dropped the two juveniles off at 267 Centre Street, who were ushered inside by older Heath Street Gang members, and then drove

---

[2] As noted above, Defendant does not reside in the Development. *See supra* n.1; PSR ¶ 36.

[3] As detailed in the PSR, Lyons is a leading member of the Heath Street Gang and frequently publicly boasted about committing acts of violence in social media posts and music videos. PSR ¶¶ 12-14, 20. Lyons is one of the primary recruiters of juveniles into the gang and often used appearances or mentions in songs or videos as a means of rewarding them for committing acts of violence. *Id.* ¶ 20.

[4] Z.H. was subsequently indicted in Suffolk County for a June 2021 murder of an individual in the Mission Hill area. PSR ¶ 2.

Defendant's scooter towards the rear of 267 Centre Street. PSR ¶¶ 48-49; Ex. 1. Within approximately six minutes, Z.H. and R.P. had quickly changed their clothing (a common tactic used to evade law enforcement detection). PSR ¶ 50; Ex. 1. Within weeks, law enforcement recovered loaded firearms with ballistics leads to the shooting from R.P.'s residence and from A.P. PSR ¶ 51; Ex. 1. Approximately six weeks later, Defendant was stopped operating his scooter, wearing a shirt with a "Trottie Gang" logo – one of the Heath Street Gang's identifiers. PSR ¶ 52.

Additionally, for years, Defendant – who does not reside at the Development – consistently engaged in drug trafficking at the Development, which the gang used as a locus for such activities. *See id.* ¶¶ 24-30, 36. For example, Defendant worked with other gang members, including co-defendant Joan Avalo, to sell and distribute marijuana throughout July through September 2021. *See id.* ¶¶ 30, 34-38. Electronic communications between Defendant and Avalo discuss Defendant distributing marijuana for Avalo on several occasions and paying Avalo thousands of dollars for marijuana that Avalo fronted to Defendant. *Id.* ¶ 34. Further, Defendant engaged in various suspected hand-to-hand transactions of marijuana and crack cocaine in February and April 2023. *Id.* ¶ 35. Moreover, on August 5, 2023, Defendant was arrested in the Development after engaging in a hand-to-hand drug transaction, with marijuana, a digital scale, and $672. *Id.* ¶ 37. At this time, Defendant was in fact on Boston Housing Authority's no-trespass list and had previously received a printed stay away/no trespass order.[5] *Id.* ¶ 36.

---

[5] Additionally, BHA officers had observed Defendant with several Heath Street Gang members/associates the day before (August 4, 2023), upon which Defendant fled. *Id.* ¶ 36.

## II.   ADVISORY SENTENCING GUIDELINES

The government agrees with the United States Probation Office ("Probation")'s calculation of the Sentencing Guidelines set forth in the final PSR. *See id.* ¶¶ 56-85. Probation properly found that the May 11, 2022 shooting constituted attempted murder, for which the offense level is 33; added two levels for injury to victim; added two levels for use of a minor; and decreased three levels for acceptance of responsibility, resulting in a total offense level of 34. *See id.* ¶ 85. With a criminal history category I, Defendant's Guidelines are 151 to 188 months. *See id.* at 32.

Defendant objects to Probation's findings that (1) Defendant was "connect[ed] to this shooting," claiming that he did not know what the three Heath Street Gang members/associates to whom he entrusted his scooter planned to do, and (2) the shooting constitutes attempted murder, instead contending that it was an aggravated assault lacking specific intent.[6] *See id.* at 38-39. These arguments fail; the evidence demonstrates the contrary by a preponderance. The Guidelines found by Probation are appropriate.

Defendant has admitted to conspiring with the Heath Street Gang to commit enterprise affairs through a pattern of racketeering. For years, the Heath Street Gang committed violent crimes, including murders and attempted murders, against its rivals (including the Mission Hill Gang), recruited juveniles to commit acts of violence on behalf of the gang (including shootings), and openly publicly bragged about such. See *id.* ¶¶ 10-22. Indeed, leading up to May

---

[6] "[T]he [attempted murder] guideline points to the federal murder statute, 18 U.S.C. § 1111." *United States v. Turnipseed*, 47 F. 4th 608, 614 (7th Cir. 2022). "Murder is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). To qualify as first-degree murder, an act requires premeditation and specific intent to kill, which is a question of fact. *See id*; *Turnipseed*, 47 F. 4th at 614; *Bradford*, 822 Fed. Appx. at 339; *United States v. Wilson*, 992 F.2d 156, 158 (8th Cir. 1993). At sentencing, a district court makes such factual findings by a preponderance of the evidence.

11, 2022 attempted murder, Heath Street Gang members/associates committed at least two shootings, one attempted shooting/assault, and one murder, all in rival gang territory. *See, e.g.*, Gov't Ex. 2 ("USAO-00011386_Aug. 10, 2019 shooting") (detailing shooting in rival Mission Hill Gang territory); Gov't Ex. 3 ("USAO-00002899_Dec. 7, 2019 Firearm Arrest") (detailing attempted shooting/attempted murder in rival Mission Hill Gang territory);[7] Gov't Ex. 4 ("USAO-00014809_Apr. 23, 2020 shooting") (report detailing shooting/attempted murder in rival H-Block Gang territory);[8] Gov't Ex. 5 ("USAO-00002555_June 7, 2021 Homicide") (detailing murder in rival Mission Hill Gang territory).

Video footage from May 11, 2022 clearly shows Defendant meet with numerous Heath Street Gang members/associates in a hallway of the Mildred C. Hailey Development, including Jaquori Lyons, one of the primary leaders of the gang and open boaster of the gang-related violence it commits; provide what appear to be his scooter keys to a younger associate/recruit; set up and send three younger associates/recruits on their way, including two juveniles (one of whom was subsequently charged with a June 2021 murder committed in the same rival territory)[9]; and walk towards the rear parking lot. PSR ¶¶ 13-14, 39-44, 48-50; *see* Ex. 1. Two of the recruits immediately drive into rival Mission Hill Gang territory, shoot at and hit a victim, and flee on Defendant's scooter. PSR ¶¶ 45-47; Ex. 1. The three recruits then return to the

---

[7] As further detailed below, during the sentencing of co-defendant Keyon Roberson, the Court found that this event constituted attempted murder. *See* Dkt. 412 (July 22, 2025 Sentencing Tr.) at 20:18-22.

[8] As further detailed below, during the sentencing of co-defendant De'vonne McDonald-Jones, the Court found that this event constituted attempted murder. *See* Dkt. 486 (Dec. 3, 2025 Sentencing Tr.) at 17:15-20.

[9] The third individual was eighteen years old at the time.

Development, where two are met by and ushered into the building's entrance by older Heath Street Gang members and one drives Defendant's scooter towards the rear of the building (where Defendant had walked minutes earlier), and two of the three emerge eight minutes later wearing different clothing. *Id.* ¶¶ 48-50; Ex. 1. This conduct is precisely consistent with the Heath Street Gang's longstanding pattern and modus operandi of recruiting juveniles to engage in acts of violence, including murders and attempted murders, on its behalf, *see* PSR ¶¶ 10-22, and the evidence clearly shows that Defendant was a key facilitator of such.

In claiming that there is insufficient evidence that the recruits intended to kill, Defendant argues, in other words, that three recruits congregating with numerous other gang members/associates in a known locus of the gang, driving with their faces hidden by facemasks and with loaded firearms into rival gang territory, firing at and successfully striking an individual, and immediately returning to Heath Street Gang territory and older members/associates fails to establish by a preponderance the requisite intent. This argument fails.

Courts have consistently rejected similar arguments and held that "specific intent to kill [can] be inferred from a defendant firing a gun at an individual . . . [and/or] firing at a group of individuals." *United States v. Bradford*, 822 Fed. Appx. 335, 339 (6th Cir. 2020); *see also United States v. Williams*, 583 Fed. Appx. 585, 585 (8th Cir. 2014) (per curiam) (upholding application of attempted murder guideline based on inferred finding of intent to kill where defendant fired gunshots into crowd that included rival gang affiliates and rejecting argument that defendant lacked such intent because he had no motive and no specific target within the crowd). At least one Court in this District has recently agreed that nearly identical conduct constituted attempted murder. *See* Gov't. Ex. 6 (*United States v. Teixeira*, 1:20-cr-10197-LTS, Dec. 5, 2022 Sentencing Tr.) at 4:19-5:10 (applying attempted murder guideline to defendant who, with two

other gang members, drove into rival gang territory and a gunfire exchange ensued, with the defendant firing at least six rounds at a group of people in residential neighborhood); *see also United States v. Beachem*, 2021 WL 1085603, at *8-9 (N.D. Ind. Mar. 19, 2021) (intent to kill found where gang members who boasted about targeting rival gang members for violence in rap videos traveled to rival gang area and opened fire at individuals encountered therein). Indeed, in this case, this Court has rejected arguments like the ones Defendant now makes and found that similar situations – (1) Heath Street Gang members/associates traveling by car with loaded firearms into rival gang territory and being apprehended by law enforcement before firing any shots[10] and (2) Heath Street Gang members/associates traveling by car with loaded firearms into rival gang territory during which an exchange of gunfire ensued[11] – constituted attempted murder.

The evidence clearly shows by a preponderance Defendant's involvement in the shooting and the requisite intent, and the attempted murder guideline is appropriate.

---

[10] *See* Dkt. 412 (July 22, 2025 Sentencing Tr.), at 20:18-22. In so doing, the Court rejected co-defendant Roberson's argument that there was no evidence of intent and emphasized that Roberson and two others drove into rival Mission Hill Gang territory with two firearms in the car. *See id.* at 19:1-16 (Counsel: "[T]here's not even evidence of what the intent of the other two [individuals] were . . .other than . . . that they were in the car with guns. We don't have earlier discussions…" The Court: "In rival gang territory . . . They're not going there to . . . smoke a peace pipe, right? . . . Peace pipe-smoking doesn't happen with guns in the car."). The Court sentenced Roberson to 77 months.

[11] *See* Dkt. 486 (Dec. 3, 2025 Sentencing Tr.), at 17:15-20. In so doing, the Court rejected co-defendant McDonald-Jones' argument that evidence failed to show intent (based primarily on a lack of testimonial or documentary evidence) and instead emphasized that evidence showed that defendant drove two Heath Street Gang members into rival H-Block territory armed with firearms. *See id.* at 8-9, 16-17. The Court sentenced McDonald-Jones to 84 months.

### III.    SENTENCING FACTORS

Consideration of the factors set forth in 18 U.S.C. § 3553(a) demonstrates that a sentence of 84 months' imprisonment followed by three years of supervised release with a specific condition prohibiting Defendant from entering the geographic area of the Development is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

### a.    Nature and Seriousness of the Offense

Defendant's dangerous and violent actions in facilitating the May 11, 2022 shooting cannot be overstated. They starkly demonstrate how the older gang members drew in juveniles into a life of crime and encouraged them to commit brazen acts of violence on behalf of the Heath Street Gang. This type of group support for criminal activity allowed the Heath Street Gang to metastasize in the community, especially in the Development. Heath Street Gang members/associates were empowered to commit crimes *because* they supported each other through their criminal organization. Moreover, Defendant's actions in consistently drug trafficking in a community in which he did not even live endangered and negatively impacted the quality of life for numerous citizens. Indeed, officers on patrol the day of Defendant's August 5, 2023 arrest in the Development were focused on certain buildings identified as consistently problematic, including due to loitering, drug use, and trespassing; residents had recently reported being scared to go in and out of their apartments due to the large amount of gang-affiliated individuals loitering in front of their buildings. PSR ¶ 36. By his conduct, Defendant illustrated his utter lack of respect not only for the law, but his complete disregard for the safety of others. A significant sentence is warranted and necessary to punish and deter Defendant and to make clear to others tempted to join and support criminal gangs that such conduct will be severely punished. Gangs like the Heath Street Gang cannot be allowed to thrive, as their existence inherently threatens the safety of the public. The community should not be held hostage to the

threats and random violence of gang members/associates like Defendant and his cohorts in the Heath Street Gang.

### b. History and Characteristics of the Defendant

Defendant has graduated from the court's RISE program. As noted in the RISE report, Defendant failed to complete some program requirements, though he did abstain from substance use other than an initial urine screen that returned positive for the presence of cocaine upon entry into the program and participated in the restorative justice program. These are notable accomplishments and contribute to the government's recommendation.

### CONCLUSION

For all of the foregoing reasons, and in light of the advisory guidelines, the factors enumerated in 18 U.S.C. § 3553(a), and the reasons to be offered at sentencing, the government recommends that the Court impose a sentence of 84 months' imprisonment followed by three years of supervised release.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ Sarah B. Hoefle
       Michael J. Crowley
       Sarah B. Hoefle
       Assistant United States Attorneys

Dated: July 23, 2026

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ Sarah B. Hoefle
Sarah B. Hoefle
Assistant United States Attorney

Date: July 23, 2026